UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSEPH BROWN,

            Plaintiff,

v.

JODY LeBARRE, et al.,

            Defendants.

_____/

Case No. 1:20-cv-545

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This matter is presently before the Court on Plaintiff's motion for reconsideration (ECF No. 17). On May 18, 2021, the Court dismissed Plaintiff's action without prejudice for failing to provide copies for service in compliance with the Court's March 30, 2021, order. (ECF Nos. 15 and 16.) In Plaintiff's motion, he claims that he did comply with the order and sent an affidavit explaining that he was unable to obtain the copies from the prison. Plaintiff states that he does not know why the Court did not receive the affidavit, but he speculates that it was the result of the COVID-19 lockdown, or that the affidavit could have been lost in the mail. Plaintiff attaches copies of two disbursement authorizations, which show that Plaintiff requested postage for legal mail for this case number to the Court on May 14, 2021, and to the Michigan Attorney General on April 28, 2021. (ECF No. 17-1, PageID.51 and PageID.53.) Plaintiff also attaches a copy of his prisoner account statement which shows that he purchased stamps on April 14, 2021, and April 20, 2021. (*Id.* at PageID.52.)

Because it appears that Plaintiff attempted to comply with the Court's order, the Court will grant Plaintiff's motion for reconsideration and reopen this action. However, although Plaintiff claims that he submitted an affidavit to the Court, the Court never received it. Therefore, the Court will allow Plaintiff an additional fourteen (14) days to provide the copies in compliance with the March 30, 2021, order, or to submit an affidavit explaining why Plaintiff is unable to provide the requested copies within the fourteen-day period.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 17) is **GRANTED** and the Clerk shall reopen the instant case.

**IT IS FURTHER ORDERED** the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint and any exhibits.

**IT IS FURTHER ORDERED** that, in accordance with W.D. Mich. LCivR 10.4 and Administrative Order 03-029,[1] Plaintiff shall, immediately upon receipt of this order, request that the prison make four (4) copies of the complaint and exhibits for service upon Defendants LeBarre, Doolittle, Fletcher, and Gaskill. Plaintiff is responsible for the cost of the copies. If Plaintiff does not have sufficient funds to pay for the copies, the Michigan Department of Corrections provides loans for legal copies. *See* Mich. Dep't of Corr. Policy Directive 05.03.116.

**IT IS FURTHER ORDERED** that within fourteen (14) days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint and exhibits along with a copy of this order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fourteen-day period. Should the Court find that the prison failed to make copies

---

[1] When service is to be made by the United States Marshal, as in this case, the Court's local rules require litigants to provide sufficient copies of their documents for service when the documents are filed. W.D. Mich. LCivR 10.4. Under Administrative Order 03-029, Plaintiff was excused from providing additional copies of his complaint until the Court determined that service was warranted.

upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

**IT IS FURTHER ORDERED** that Plaintiff's failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court.

**IT IS FURTHER ORDERED** that upon receipt of the copies required by this order, the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

Dated:  June 21, 2021                               /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    UNITED STATES DISTRICT JUDGE